Federico C. Sayre, Esq. (SBN: 067420)
Kent M. Henderson, Esq. (SBN: 139530)
**LAW OFFICES OF SAYRE & LEVITT, LLP**
900 North Broadway, 4th Floor
Santa Ana, California 92701
Telephone: (714) 550-9117
Facsimile: (714) 550- 9125

Attorneys for PLAINTIFF

©**COPY**

FILED

2010 MAR -5 PM 2:58

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST RAYMOND RODRIGUEZ, an individual;<br><br>Plaintiff,<br><br>vs.<br><br>CITY OF LONG BEACH; LONG BEACH POLICE DEPARTMENT; JONATHAN A. STEINHAUSER; and DOES 1-10,<br><br>Defendants. | CASE NO: SACV10-00271 DOC(ANx)<br><br>**PLAINTIFF'S COMPLAINT FOR DAMAGES OF FEDERAL CIVIL RIGHTS VIOLATIONS (42 USC § 1983)**<br>1. VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (42 USC § 1983).<br>2. SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS FOR THE FOURTH AND FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFF<br>3. MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS<br>4. CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. SECTIONS 1985(2), 1985(3) AND 1986<br>5. ASSAULT<br>6. BATTERY<br>7. VIOLATION OF CIVIL RIGHTS UNDER |

CIV.CODE.SECTION 52
8. NEGLIGENCE
9. NEGLIGENT HIRING,
   TRAINING AND RETENTION

**[DEMAND FOR JURY TRIAL]**

**COMES NOW** PLAINTIFF ERNEST RAYMOND RODRIGUEZ alleges and complains as follows:

## INTRODUCTION

1.      This is an action for money damages brought pursuant to 42 U.S.C. § 1983, and the Fourth, Eighth and Fourteenth Amendments of the United States Constitution against Defendants, CITY OF LONG BEACH, CITY OF LONG BEACH POLICE DEPARTMENT; JONATHAN A. STEINHAUSER, and DOES 1-10.  Jurisdiction is founded on the basis of 28 U.S.C. §§1331 and 1343 and on the supplemental jurisdiction of this Court to entertain claims arising under state law.  Venue is proper in the Central District of California, Los Angeles, because the herein described incident took place in or about East 2nd Street, City of Long Beach, County of Los Angeles, California.

2.      It is herein alleged that Defendant JONATHAN A. STEINHAUSER and/or other officers or individuals employed by Defendants shot Plaintiff ERNEST RAYMOND RODRIGEUZ without legal cause or excuse, made an unreasonable seizure of the person of ERNEST RAYMOND RODRIGEUZ, violating his rights under the Fourth and Fourteenth Amendments to the United States Constitution, and subjected him to summary, cruel and unusual punishment in violation of the Eighth Amendment.

## JURISDICTION

3.      Plaintiff ERNEST RAYMOND RODRIGUEZ, an individual, claim for relief arising under, and for violations of, the following laws:

(a)     Federal Civil Rights Act under 42 U.S.C. §§ 1983, 1985, 1986,

and 1988;

    (b)    <u>Monell v. Department of Social Services</u>

    (c)    The Fourth Amendment of the United States Constitution;

    (d)    The Eighth Amendment to the United States Constitution;

    (e)    Equal Protection Clause and Due Process Clause of the Fifth Amendment of the United States Constitution;

4.    The jurisdiction of this court is, therefore, founded on Federal Question Jurisdiction pursuant to 28 U.S.C. §1331.

5.    This court has supplemental jurisdiction over Plaintiffs' state law claims under 28 U.S.C. § 1367(a).

## VENUE

6.    Venue is proper in the Central District Court of California in that all injuries complained of herein were caused and suffered in the County of Los Angeles, State of California, as more fully set forth herein. Defendants are properly before this Court because "a substantial part of the events upon which this action is based occurred in this district." 28 U.S.C. §1891(a)(2) and §1343. The shooting took place near East 2nd Street, City of Long Beach, County of Los Angeles, California.

## PARTIES

7.    Plaintiff, ERNEST RAYMOND RODRIGUEZ (hereinafter referred to sometimes as "ERNEST R.", was a resident of Los Angeles County, California during all times relevant hereto.

8.    At all times mentioned herein, Defendant CITY OF LONG BEACH (hereinafter sometimes "CITY") is and was a public entity, duly organized and existing under and by virtue of the laws of the State of California.

9.    At all times mentioned herein, Defendant LONG BEACH POLICE DEPARTMENT (hereinafter referred to as sometimes "LBPD") is and was a public agency duly organized and existing under and by the laws of the State of

California and/or was a department of defendant CITY.  Plaintiff is informed and believes and thereon alleges that defendant CITY and/or LBPD was the employer of JONATHAN A. STEINHAUSER and DOE Defendants.

10.    At all times mentioned herein, Defendant JONATHAN A. STEINHAUSER, an individual, (hereinafter referred to as "STEINHAUSER") was acting within the course and scope of his employment as an officer, sergeant, captain, commander, and/or civilian employee of the Long Beach Police Department, and was authorized by the City of Long Beach and/or the Long Beach Police Department to perform the duties and responsibilities of a sworn police officer of and for the CITY, and all acts hereinafter complained of were performed by him within the course and scope of his duties as a police officer and official.

11.    At all times relevant hereto, all DOE Defendants, and each of them, were acting within the course and scope of their employment as officers, sergeants, captains, commanders, and/or civilian employees of LBPD, a department and/or a subdivision of defendant CITY and at all times were acting with permission and consent of their co-defendants.   Said defendants, and each of them, were specifically authorized by defendant CITY and/or the LBPD to perform the duties and responsibilities of sworn police officers of and for the CITY, and all acts hereinafter complained of were performed by them within the course and scope of their duties as police officers and officials for said defendant, and its police department, and are herein sued in their individual capacities and in their official capacities as police officers, sergeants, captains, commanders, supervisors, policy makers and/or as other employees of the LBPD.   Said defendants, and each of them, at all times relevant hereto, were acting under color of law, to wit, under the color of the statutes, ordinances, regulations, policies, customs, practices and usages of defendant CITY, and/or its police department.

Complaint for Damages

12.   Defendants CITY and/or LBPD encouraged, assisted, ratified and/or with deliberate indifference failed to prevent all of the herein acts and omissions of defendants, and each of them.

13.   PLAINTIFF are ignorant of the true names and capacities of defendants sued herein as DOES 1-10, inclusive, and therefore sues these defendants by such fictitious names.  PLAINTIFF will amend this complaint to allege said defendants' true names and capacities when such are ascertained.  PLAINTIFF are informed and believe and thereon allege that each of the fictitiously named defendants are responsible in some manner for the occurrences herein alleged, and that PLAINTIFF' damages as herein alleged were proximately caused by the acts and/or omissions of said fictitiously name defendants.

14.   At all times relevant herein, Defendant DOES 1 through 10 were supervisors, employees and/or policy makers for defendant CITY and/or LBPD, which employed unlawful, organized and illegal customs and practices of excessive force, false arrests which lacked probable cause.  Said misconduct was encouraged, tolerated and condoned by defendants, and each of them.

15.   At all times relevant to the present complaint, Defendant DOES 1-10, inclusive, were acting within their capacity as employees, agents, representatives and servants of defendants CITY and/or LBPD which are liable under the doctrine of *respondeat superior*, pursuant to §815.2 of the California Government Code, et al.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

16.   On or about May 28, 2009, at approximately midnight, Plaintiff ERNEST RAYMOND RODRIGUEZ left a night club with his girlfriend, and began walking near the intersection of Covina and 2nd Street within CITY OF LONG BEACH limits, County of Los Angeles, State of California.

17.   As Plaintiff began walking away from the nightclub, some of the bouncers called ERNEST R. to return to the club, which he did without hesitation.

ERNEST R. was cooperative and willingly agreed to wait until the police arrived for a call of vandalism.

18.   CITY OF LONG BEACH POLICE OFFICER Defendant STEINHAUSER, Badge number 6060 arrived at the location around midnight on May 28, 2009. Defendant STEINHAUSER instructed ERNEST R. to sit on the curb next to STEINHAUSER's patrol vehicle. ERNEST R. said that he was unable to do so, as the patrol vehicle was parked so close to the curb that ERNEST R. would not be able to fit in the space. STEINHAUSER repeated his order, and ERNEST R. again replied that he could not fit in the narrow space.

19.   STEINHAUSER then told ERNEST R. that if ERNEST R. did not sit on the curb, STEINHAUSER would hit him with his baton. STEINHAUSER proceeded to strike ERNEST R. with STEINHAUSER'S baton, striking ERNEST R. in his midsection and arms. STEINHAUSER began swinging the baton like a baseball bat, and attempted to strike ERNEST R. in the head with the baton. ERNEST R. put his arms up to defend himself, and when the baton struck his hands, ERNEST R. grabbed the baton in self-defense. STEINHAUSER then released the baton, and ERNEST R. dropped the baton behind him and stood with his hands at his sides.

20.   STEINHAUSER then, in the course and scope of his employment, stepped back, drew his service weapon and shot ERNEST R. multiple times. ERNEST R. fell to the ground and cried out for an ambulance, at which point STEINHAUSER shot ERNEST R. again several times.

21.   ERNEST R. sustained multiple bullet wounds, including at least five separate entry wounds.

22.   At no point in time on May 28, 2009, was ERNEST R. carrying a weapon of any kind. ERNEST R. was completely unarmed, was not posing a threat of bodily harm or death, and has no criminal record.

23.   On May 28, 2009, ERNEST RAYMOND RODRIGUEZ was not

engaged in the commission of any crime and under the United States Constitution and the cases interpreting it had rights including a right of assembly, a right of freedom of travel, and a liberty interest to be free in one's person from unlawful search and seizure of one's person, he had the right to be near the intersection of Covina and 2nd Street within CITY OF LONG BEACH limits.   Based on information and belief, Defendant JONATHAN A. STEINHAUSER and DOES 1-10, arrived at a location near the intersection of Covina and 2nd Street and approached Plaintiff ERNEST RAYMOND RODRIGUEZ.

24.   Based upon information and belief, once JONATHAN A. STEINHAUSER had determined that there was no reasonable suspicion of wrongdoing and probable cause of wrongdoing, the JONATHAN A. STEINHAUSER and DOES 1-10, within the course and scope of their employment, and while acting under color of law, without reasonable suspicion of wrongdoing and without probable cause focused his attention on ERNEST RAYMOND RODRIGUEZ and unjustifiably attacked him with a baton, and then fired upon and shot ERNEST R. multiple times.

25.   Based upon information and belief, Plaintiff alleges that on May 28, 2009 Defendant JONATHAN A. STEINHAUSER and DOES 1-10, while acting within the course and scope of their employment and under color of State law approached ERNEST R., and without reasonable suspicion of wrongdoing, walked up to ERNEST R. and attacked him with a baton and ultimately fired upon and seriously injured ERNEST R., without reasonable suspicion of wrongdoing and without any further probable cause, Defendant JONATHAN A. STEINHAUSER and DOES 1-10, while acting within the course and scope of their employment with Defendants CITY and LBPD, detained, and arrested ERNEST RAYMOND RODRIGUEZ which was a violation of his Fourth Amendment rights to be free from unreasonable search and seizure as he had committed no crimes and there was no reason for him to not be able to be free from being detained.

Complaint for Damages

26.     On May 28, 2009, in the evening hours, near Covina and 2nd Street in the CITY OF LONG BEACH, State of California Defendant JONATHAN A. STEINHAUSER and DOES 1-10, inclusive, while acting within the course and scope of their employment with CITY and LBPD and under color of State law then proceeded to shoot and seriously injure ERNEST R. without probable cause, justification, or excuse.  At the time that the aforementioned Defendants shot ERNEST R., to an objective, reasonable police officer, ERNEST R. did not represent a threat to their lives or to the lives of others.  Defendant JONATHAN A. STEINHAUSER and DOES 1-10, while acting within the course and scope of their employment with CITY and LBPD and while acting under color of law, shot ERNEST R. on May 28, 2009. PLAINTIFF are informed and believe and thereon allege that Defendant JONATHAN A. STEINHAUSER and DOES 1-10, while acting within the course and scope of their employment with Defendants CITY and LBPD and while acting under color of law, simply sought to investigate a vandalism charge and take someone into custody and then, while taking the person into custody, who never needed to be taken into custody in the first place, shot and seriously injured him.  PLAINTIFF is informed and believes and thereon alleges that Defendant JONATHAN A. STEINHAUSER and DOES 1-10, while acting within the course and scope of their employment and while acting under color of law, shot ERNEST R. several times, causing him serious and permanent personal injury.

27.     ERNEST R. constituted no threat to the officers or others, and although there was no legal cause or excuse to seize the person of ERNEST R., he was shot multiple times and seriously injured.

28.     ERNEST R. was engaged in lawful activity.  ERNEST R. was approached by JONATHAN A. STEINHAUSER and/or DOES 1-10 without reason, cause or justification.  Defendants thereafter fired upon ERNEST R.

29.     Plaintiff is informed, believes and thereupon alleges that ERNEST R. suffered great pain and anguish after he was shot multiple times, and will continue to suffer pain, anguish, and other debilitating and permanent effects from his wounds.

30.     ERNEST R. was unarmed at all times relevant herein and had not assaulted or threatened the officer(s), nor was he engaged in criminal activity. At no time during the above-described events was ERNEST R. armed with any weapon, or a threat to the safety of the officers or others.

31.     Defendants, and each of them, had no probable cause for his detention or arrest and no legal cause or excuse to seize the person of ERNEST R.

32.     Defendants, and each of them, discharged their firearm(s) negligently, recklessly, intentionally, tortiously and/or with the intent to kill and/or commit serious bodily injury upon ERNEST R. and to violate Plaintiff's civil rights.

33.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ERNEST R. suffered the following injuries and damages which are recoverable by PLAINTIFF under the Federal Civil Rights statutes identified herein:

        a.    Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

        b.    Conscious physical pain, suffering, and emotional trauma.

        c.    Loss of income and lost earning capacity.

34.     In contacting, confronting and dealing with the decedent, the CITY OF LONG BEACH, the LONG BEACH POLICE DEPARTMENT and JONATHAN STEINHAUSER and DOES 1-10 employed flawed and substandard tactics. Said tactics were intentional, negligent, reckless and/or otherwise tortious

and resulted from the flawed, inadequate and substandard training provided by the LBPD to its officers, supervisors and/or other employees regarding the handling of civilians encountered in the street.  Such inadequate training may have left said individuals unprepared for handling such encounters and created a scenario where the subject officers, and/or other defendants improperly used deadly force.

35.    On or about October 23, 2009, Plaintiff filed a governmental claim with the CITY OF LONG BEACH pursuant to the requirements of California Government Code Section 800 *et seq.*  A true and correct copy of this claim is attached hereto as Exhibit "1." This claim named as Defendants JONATHAN STEINHAUSER, CITY OF LONG BEACH and the LONG BEACH POLICE DEPARTMENT. This claim was denied by operation of law on or about December 22, 2009.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS UNDER COLOR OF LAW (42 USC § 1983).

### [By All Plaintiff Against All Defendants]

36.    PLAINTIFF hereby repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

37.    This action is brought pursuant to 42 U.S.C. §1983, and the Fourth and Fourteenth Amendment of the United States Constitution, for violation of the procedural and substantive due process rights of PLAINTIFF.

38.    At the time and place alleged herein, Defendants were present at the immediate scene of the shooting of ERNEST RAYMOND RODRIGUEZ.

39.    At said date and location, said defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting of ERNEST    RAYMOND    RODRIGUEZ.    Defendant    JONATHAN    A. STEINHAUSER  and DOES 1-10, CITY and LBPD shot and seriously injured

Plaintiff ERNEST RAYMOND RODRIGUEZ in violation of 42 U.S.C. § 1983 and in violation of the Fourth, Fifth, Eighth and Fourteenth Amendments to the United States Constitution. Excessive force was used to injure Plaintiff, while the officer acted under color of law. ERNEST R. was shot and seriously injured by Defendants without justification, cause, or excuse in violation of 42 U.S.C. § 1983.

40.    At said date and location, said Defendants had ample and reasonably sufficient time and opportunity to so intervene and prevent the shooting and were compelled to do so as peace officers under the laws of the State of California and under the Constitution of the United States of America.

41.    At said date and location, in deliberate indifference to the life, health and Constitutional rights of ERNEST RAYMOND RODRIGUEZ, said Defendants intentionally and with deliberate indifference to the civil rights of ERNEST RAYMOND RODRIGUEZ decedent, refrained from so intervening, in violation of 42 U.S.C. Sections 1985, 1986.

42.    As a result thereof, said Defendants unlawfully shot ERNEST RAYMOND RODRIGUEZ in violation of his rights under the Fourth and Fourteenth Amendments of the Constitution of the United States of America.

43.    The aforementioned acts of Defendant STEINHAUSER were malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of Plaintiffs' rights and with an intent to vex, injure or annoy such as to constitute oppression, fraud or malice. The individual Defendants, and each of them, engaged in a conscious and willful disregard caused injuries and damages to ERNEST R. Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 in an amount sufficient to punish and make an example of Defendant STEINHAUSER, in order to promote greater safety and provide an incentive for Defendant STEINHAUSER and others so situated to engage in safer practices.

44. Defendants CITY and LBPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

45. Defendants CITY and LBPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

46. As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ERNEST RAYMOND RODRIGUEZ suffered the following injuries and damages which are recoverable by PLAINTIFF under the Federal Civil Rights statutes identified herein:

    a. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

    b. Conscious physical pain, suffering, and emotional trauma.

    c. Loss of income and lost earning capacity.

## SECOND CLAIM FOR RELIEF
### SUPERVISORIAL RESPONSIBILITY FOR VIOLATIONS FOR THE FOURTH AND FOURTEENTH AMENDMENT RIGHTS OF PLAINTIFF
### [By All PLAINTIFF Against All Defendants]

47. PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. PLAINTIFF are informed and believe and thereon allege that:

48. This action is brought pursuant to 42 U.S.C. §1983, for violation of JUAN CARRASCO's rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

49.     On the date of the shooting of ERNEST RAYMOND RODRIGUEZ, SUPERVISING OFFICER DEFENDANTS DOES 1-10, sued herein in their municipal official and official capacity, LBPD and CITY with supervisory authority over the JONATHAN A. STEINHAUSER and DOES 1-10 were present at the time and location of the shooting of ERNEST RAYMOND RODRIGUEZ.

50.     PLAINTIFF are informed and believe and thereon allege that DEFENDANTS participated in, encouraged, condoned and ratified the conduct of DEFENDANTS, in approaching, contacting, seizing or attempting to seize, and shooting ERNEST RAYMOND RODRIGUEZ.

51.     SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and LBPD tolerated, encouraged and condoned the type of misconduct giving rise to the shooting of Decedent by consciously ignoring, turning a blind eye to and overlooking this type of misconduct within the LBPD.

52.     SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and LBPD encouraged and facilitated such conduct and deliberately and leniently overlooked and ratified the misconduct of the JONATHAN A. STEINHAUSER and DOES 1-10 by failing to discipline said officers, approving false and misleading police reports authored by said officers, and failing to recommend the investigation and criminal prosecution of said officers for the misconduct, and in the present instance failing to supervise and control said defendants, so as to prevent the misconduct alleged herein and by failing to train said subordinate officers in the procedures, laws and practices that would eliminate the risk of the constitutional violations alleged herein.

53.     By consciously and deliberately overlooking the acts of misconduct and criminal acts by their subordinate officers, SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and LBPD established a custom and practice of condoning and ratifying such misconduct and criminal activity, and established a tolerated pattern of constitutional violations amongst their subordinate officers.

The condoning of misconduct by SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and LBPD was so comprehensive and well known that their subordinate officers were emboldened to blatantly violate the constitutional rights of any persons the subordinate officers came into contact with while on duty and to commit crimes and/or wrongdoing such as the above-mentioned acts and omissions with impunity.

54.     Through their conscious disregard for the rights of the persons their subordinates would come in contact with and through their custom and practice of encouraging, condoning, tolerating and ratifying constitutional violations and criminal activity by their subordinates, SUPERVISING OFFICER DEFENDANTS DOES 1-10, CITY and LBPD were deliberately indifferent to the constitutional violations being committed by their subordinates, including the JONATHAN A. STEINHAUSER and DOES 1-10.

55.     Defendants CITY and LBPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

56.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ERNEST RAYMOND RODRIGUEZ suffered the following injuries and damages which are recoverable by PLAINTIFF under the Federal Civil Rights statutes identified herein:

a.  Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

b.  Conscious physical pain, suffering, and emotional trauma.

c.  Loss of income and lost earning capacity.

1  //

2  //

3  //

4  //

5  //

6  //

## THIRD CLAIM FOR RELIEF

## MUNICIPAL LIABILITY FOR VIOLATION OF CONSTITUTIONAL RIGHTS

### [By All PLAINTIFF Against All Defendants]

57.    PLAINTIFF hereby repeats re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein.

58.    This action is brought pursuant to 42 U.S.C. §1983, for violation of PLAINTIFF' rights under the Fourth and Fourteenth Amendments of the U.S. Constitution.

59.    ERNEST RAYMOND RODRIGUEZ possessed the right, guaranteed by the Fourth and Fourteenth Amendments of the United States Constitution, to be free from unreasonable seizures and excessive force by LBPD.

60.    On said date, UNIDENTIFIED CITY OF LONG BEACH POLICE OFFICER DEFENDANTS and DOES 1-10 and each of them, acting within the course and scope of their duties as peace officers of the CITY, deprived ERNEST RAYMOND RODRIGUEZ his rights to be free from unreasonable seizures, excessive force, and searches, and to be provided with reasonable medical attention and care, when said defendants unreasonably and without justification shot ERNEST RAYMOND RODRIGUEZ.

61.    At the time of these constitutional violations by said DEFENDANTS, LBPD and/or SUPERVISING OFFICER DEFENDANTS had in place, and had

ratified policies, procedures, customs and practices which permitted and encouraged their police officers to unjustifiably, unreasonably and in violation of the Fourth and Fourteenth Amendments use deadly force against unarmed suspects. These policies, customs, practices, also called for or permitted the unreasonable or excessive use of force against Hispanic and/or minority suspects.

62. Said policies, procedures, customs and practices also called for CITY and the LBPD not to discipline, prosecute, or objectively and/or independently investigate or in any way deal with or respond to known incidents, complaints of excessive force, wrongful shootings of such persons, conduct by officers of the LBPD and for CITY to fail to objectively and/or independently investigate or in any way properly deal with or respond to claims and lawsuits made as a result of such shootings and misconduct.

63. Said policies, procedures, customs and practices called for and led to the refusal of said defendants to properly investigate complaints of previous incidents of excessive force, wrongful shootings of such persons and instead, officially claim that such incidents were justified and proper.

64. Said policies, procedure customs an practices called for said defendants, and each of them, by means of inaction and cover-up, to encourage an atmosphere of lawlessness within the police department and to encourage their police officers to believe that excessive force against suspects, including members of minority groups, was permissible and to believe that unlawful acts of falsification of evidence and perjury would be overlooked without discipline or other official ramifications.

65. Said policies, procedures, customs and practices evidenced a deliberate indifference to the violations of the constitutional rights of the present PLAINTIFF. This indifference was manifested by the failure to change, correct, revoke, or rescind said policies, procedures, customs and practices in light of prior knowledge by said defendants of their similar incidents.

66.     Deliberate indifference to the civil rights of minority groups and other victims of the LBPD'S excessive force and officer-involved shootings was also evidenced by defendants' failure to train or retain officers in proper, safe and constitutional requirements regarding the provision of medical services to those persons shot by officers of the LBPD.

67.     Deliberate indifference to the civil rights of minority groups and other victims of the LBPD'S excessive force and officer-involved shootings was also evidenced by said defendants by their ignoring of the history and pattern of prior civil lawsuits alleging civil rights violations and the related payment of judgments to suspects or the families of suspects.

68.     Deliberate indifference is also evidenced by maintenance of an inadequate system of use-of-force tracking, government claim/lawsuit tracking, and an independent system of officer discipline and independent and objective investigation by CITY and/or LBPD department which failed to identify and investigate instances of excessive force against suspects, improper use of firearms, falsification of evidence, submission of false police reports and perjury, and by the failure of said defendants to adequately train and more closely supervise or retain officers and/or discipline or recommend prosecution of those officers who if fact improperly used excessive force against suspects.

69.     Based on information and belief other systemic deficiencies of said defendants which indicated and continue to indicate, a deliberate indifference to the violations of the civil rights by the officers of the LBPD include:

        a)      preparation of investigative reports by LBPD officers, sergeants, and other supervisors designated to vindicate the use of force and firearms against suspects regardless of whether such use was justified;

        b)      preparation of investigative reports which uncritically rely solely on the word of LBPD officers involved in the shooting or use

of force incidents and which systematically fail to credit testimony by non-officer witnesses;

c)      preparation of investigative reports which omit factual information and physical evidence which contradicts the accounts of the officers involved;

d)      issuance of public statements exonerating officers involved in such incidents prior to he completion of investigations of the shootings and/or use of force;

e)      failure to objectively and independently review investigative reports by responsible superior officers for accuracy or completeness and acceptance of conclusions which are unwarranted by the evidence of the shooting or use of force or which contradicts such evidence; and,

f)      failure to maintain centralized department-wide systems for the tracking and monitoring of the use of excessive force, citizens' complaints, government tort claims, abuse of authority, and race-based misconduct by individual officers so as to identify those officers who engage in a pattern of excessive force, abuse of police authority and police misconduct.

70.    Said defendants also maintained a system of grossly inadequate training regarding the use of force and regarding the training for police testimony in trial as well as the collection of evidence, and the preparation of police reports.

71.    Deliberate indifference to the civil rights of suspects and other victims of the LBPD'S excess force and officer-involved shootings was also evidenced by said SUPERVISING OFFICER DOES 1-10 defendants' failure to implement an officer discipline system which would conduct meaningful and independent investigations of officer shootings and of citizen complaints.

72.   Deliberate indifference to the civil rights of members of minority groups and other victims of the LBPD'S excessive force and officer-involved shootings was also evidenced by said defendants' implementing a practice and custom with the LBPD of permitting officers of the LBPD to engage in unlawful activities while on duty, including, but not limited to the herein mentioned acts and/or omissions along with other crimes.

73.   The foregoing acts, omissions, and systemic deficiencies are policies and customs of CITY, SUPERVISING OFFICER DEFENDANTS DOES 1-10 and LBPD to be unaware of, or intentionally overlook and ignore, the rules and laws governing the permissible use of force, including the use of force against suspects. The foregoing acts, omissions, and systemic deficiencies are policies and customs of said defendants and such caused, permitted and/or allowed under official sanction DEFENDANTS to believe that their use of firearms and police force against suspects is entirely within the discretion of the officer and that improper and unlawful searches, seizures and use of excessive force, would not be objectively, thoroughly and/or properly investigated, all with the foreseeable result that said  defendants' officers would use deadly force in situations where such force is neither necessary, reasonable nor legal, and falsify evidence, submit false and misleading police reports, and commit perjury, and thereby  violate the civil rights of the citizens of this state with whom said officers would come into contact.

74.   As a result of the aforementioned acts, omissions, systematic deficiencies, policies, procedures, customs and practices of said defendants, ERNEST RAYMOND RODRIGUEZ was unlawfully shot and killed.

75.   As a direct and proximate result of the aforementioned act alleged herein, ERNEST RAYMOND RODRIGUEZ suffered gunshot wounds which caused his death.

76.   Defendants CITY and LBPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code

for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

77.   As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ERNEST RAYMOND RODRIGUEZ suffered the following injuries and damages which are recoverable by PLAINTIFF under the Federal Civil Rights statutes identified herein:

      a. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

      b. Conscious physical pain, suffering, and emotional trauma.

      c. Loss of income and lost earning capacity.

## FOURTH CLAIM FOR RELIEF

### CONSPIRACY TO VIOLATE CIVIL RIGHTS 42 U.S.C. SECTIONS 1985(2), 1985(3) AND 1986

### [PLAINTIFF Against All Defendants]

78.   PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. PLAINTIFF are informed and believes and thereon alleges the following:

79.   This action is brought pursuant to 42 U.S.C. §1983 and §1985 and the Fourth and Fourteenth Amendments of the United States Constitution.

80.   Commencing on the date of the shooting of ERNEST RAYMOND RODRIGUEZ and subsequent thereto, in the State of California, County of Los Angeles and CITY OF LONG BEACH, and SUPERVISING OFFICER DEFENDANTS DOES 1-10 individually and as officers of the LBPD, and each of them, and by reason of animus against minorities, including ERNEST RAYMOND RODRIGUEZ herein, as members of a discernible and recognized group of

persons characterized as Latino/Hispanic, and hatred of same, conspired together and agreed to act in concert to commit an act for the purpose of (i) impeding, hindering, obstructing, and defeating the due course of justice in the State of California and the County of Los Angeles; (ii) to unlawfully arrest, detain, submit ERNEST RAYMOND RODRIGUEZ; (iii) to deny equal protection of the laws to said persons and ERNEST RAYMOND RODRIGUEZ; (iv) to subject said persons and ERNEST RAYMOND RODRIGUEZ to unreasonable seizure in the form of a shooting.

81.     Said defendants, and each of them, knew the plan along with other co-conspirators purposefully, under color of law, planned and intended to deny ERNEST RAYMOND RODRIGUEZ the equal protection of the laws and injured plaintiff, ERNEST RAYMOND RODRIGUEZ in the following respects:

a.     To deny the right to be free from unreasonable seizures in the form of excessive force;

b.     To deny the right not to be deprived of liberty without due process of law;

c.     To deny the right against cruel and unusual punishment,

d.     To deny the right to be free from unwarranted state interference with one's right to freely associate with others.

82.     By virtue of the foregoing, two or more of said defendants conspired for the purpose of:

a.     Depriving him of equal protection of the laws and of equal protection and immunities under the law, and;

b.     Preventing and hindering the extant authorities, including but not limited to the CITY, LBPD, from giving and securing ERNEST RAYMOND RODRIGUEZ equal protection of the law and preventing deprivation of liberty and property without due process of law.

Complaint for Damages

83.     Said Defendants, and each of them, caused to be done, an act or acts in furtherance of the object of conspiracy, as enumerated above herein, whereby ERNEST RAYMOND RODRIGUEZ was deprived of rights and privileges as set forth above.

84.     By virtue of the foregoing, said defendants caused injury, damages to PLAINTIFF in violations of 42 U.S.C. Sections 1985(2), 1985(3), 1985(e) and 1986.

85.     Notwithstanding the duties owed to ERNEST RAYMOND RODRIGUEZ, these defendants, and each of them, with deliberate indifference to the constitutional rights of ERNEST RAYMOND RODRIGUEZ, failed and refused to prevent the wrongs conspired to be committed against ERNEST RAYMOND RODRIGUEZ, despite their ability and duty to do so.   The aforementioned acts, omission and conduct of UNIDENTIFIED CITY OF LONG BEACH POLICE OFFICER DEFENDANTS and DOES 1-10 and SUPERVISING OFFICER DEFENDANTS was willful, wanton, malicious and oppressive thereby justifying the warding of exemplary and punitive damages as to these individual defendants.

86.     As a direct and proximate result of the aforementioned act alleged herein, ERNEST RAYMOND RODRIGUEZ suffered gunshot wounds which caused him serious and life-threatening injuries, and/or was denied prompt and necessary medical attention, all of which eventually caused his death.

87.     Defendants CITY and LBPD are liable through application of *respondeat superior* pursuant to section 815.2 of the California Government Code for the acts of its employees named herein who at all times alleged herein were acting in the course and scope of their employment with said public entity.

88.     As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ERNEST RAYMOND RODRIGUEZ suffered the

following injuries and damages which are recoverable by PLAINTIFF under the Federal Civil Rights statutes identified herein:

      a. Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.

      b. Conscious physical pain, suffering, and emotional trauma.

      c. Loss of income and lost earning capacity.

## FIFTH CLAIM FOR RELIEF

### ASSAULT

### [PLAINTIFF Against All Defendants]

89.    PLAINTIFF repeats, re-alleges and incorporates each and every allegation of each and every paragraph above as though fully set forth herein. PLAINTIFF are informed and believes and thereon alleges the following:

90.    Plaintiffs invoke the pendant jurisdiction of this Court to hear this claim.

91.

92.    Defendants, and each of them, acted intending to cause harmful or offensive contact with Plaintiff ERNEST R.

93.    Plaintiff ERNEST R. reasonably believed that he was about to be touched in a harmful and offensive manner.

94.    Plaintiff ERNEST R. did not consent to Defendants, and each of theirs, conduct.

95.    Defendants, and each of theirs, conduct was a substantial factor in causing Plaintiff ERNEST R.'s harm.

96.     Said assault was not consented to by ERNEST R., nor was the defendants' infliction of serious bodily injury upon ERNEST R. privileged or immunized by the laws of the State of California.

97.     Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiff of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendant STEINHAUSER

98.     As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

      a.  Physical and mental pain and suffering;

      b.  Damages to clothing and other personal effects;

      c.  Medical expenses;

      d.  Lost earnings and lost earning capacity;

      e.  Punitive and exemplary damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 against Defendant STEINHAUSER only, in an amount sufficient to punish and make an example of Defendant STEINHAUSER, in order to promote greater safety and provide an incentive for Defendant STEINHAUSER and others so situated to engage in safer practices.

99.     The individual Defendants, and each of them, engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a

conscious disregard of Plaintiffs' rights and with an intent to vex, injure or annoy such as to constitute oppression, fraud or malice. The individual Defendants, and each of them, engaged in a conscious and willful disregard caused injuries and damages to ERNEST R. Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 in an amount sufficient to punish and make an example of Defendant STEINHAUSER, in order to promote greater safety and provide an incentive for Defendant STEINHAUSER and others so situated to engage in safer practices.

## SIXTH CLAIM FOR RELIEF

### BATTERY

### [PLAINTIFF Against All Defendants]

100.   PLAINTIFF repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein. PLAINTIFF are informed and believes and thereon alleges the following:

101.   Plaintiffs invoke the pendant jurisdiction of this Court to hear this claim.

102.   Defendants, and each of them, touched Plaintiff ERNEST R. with intent to harm Plaintiff, in that Plaintiff was struck with a baton and shot many times.

103.   Plaintiff ERNEST R. did not consent to being struck with a baton, nor did he consent to being shot.

104.   Plaintiff ERNEST R. was harmed by the conduct of defendants, and each of them.

105.   Said Battery was not consented to by ERNEST R., nor was the defendants' infliction of serious bodily injury upon ERNEST R. privileged or immunized by the laws of the State of California.

106.   Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiff of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendant STEINHAUSER

107.   As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

   a.  Physical and mental pain and suffering;

   b.  Damages to clothing and other personal effects;

   c.  Medical expenses;

   d.  Lost earnings and lost earning capacity;

   e.  Punitive and exemplary damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 against Defendant STEINHAUSER only, in an amount sufficient to punish and make an example of Defendant STEINHAUSER and each of them, in order to promote greater safety and provide an incentive for Defendant STEINHAUSER and others so situated to engage in safer practices.

108.   The individual Defendants, and each of them, engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of Plaintiffs' rights and with an intent to vex, injure or annoy such as to constitute oppression, fraud or malice. The individual Defendants, and each of them, engaged in a conscious and willful disregard caused injuries and

damages to ERNEST R. Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 in an amount sufficient to punish and make an example of Defendant STEINHAUSER, in order to promote greater safety and provide an incentive for Defendant STEINHAUSER and others so situated to engage in safer practices.

//

## SEVENTH CLAIM FOR RELIEF

## VIOLATION OF CIVIL RIGHTS UNDER CIV.CODE SECTION 52

## [PLAINTIFF Against All Defendants]

109.   PLAINTIFF repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein. PLAINTIFF are informed and believes and thereon alleges the following:

110.   Plaintiffs invoke the pendant jurisdiction of this Court to hear this claim.

111.   Plaintiff is a member of a protected class identified by its race, color, religion or sex, among other things.

112.   Defendants, and each of them, intentionally interfered with Plaintiff ERNEST R.'s civil rights by threatening to commit, and committing, violent acts. Defendants, and each of them, interfered with Plaintiff ERNEST R.'s civil rights by committing violent acts, thereby depriving Plaintiff of the equal protection of the laws and of equal protection and immunities under the law, denying him of the right to be free from unreasonable seizures in the form of excessive force, denying him of the right not to be deprived of liberty without due process of law, denying him of the right against cruel and unusual punishment, denying him of the right to be free from unwarranted state interference with one's right to freely associate with others.

Complaint for Damages

113.   Defendants, and each of them, injured Plaintiff ERNEST R. and thereby prevented him from exercising his constitutional rights, thereby depriving Plaintiff of the equal protection of the laws and of equal protection and immunities under the law, denying him of the right to be free from unreasonable seizures in the form of excessive force, denying him of the right not to be deprived of liberty without due process of law, denying him of the right against cruel and unusual punishment, denying him of the right to be free from unwarranted state interference with one's right to freely associate with others.

114.   Plaintiff ERNEST R. suffered serious and severe personal injury due to the violent attack of Defendants, and each of them.

115.   The conduct of Defendants, and each of them, was a substantial factor in causing Plaintiff ERNEST R.'s harm.

116.   Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiff of his rights and privileges, and did in fact violate the aforementioned rights and privileges, entitling Plaintiffs to exemplary and punitive damages against the individual defendant STEINHAUSER

117.   As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

        a.  Physical and mental pain and suffering;

        b.  Damages to clothing and other personal effects;

        c.  Medical expenses;

        d.  Lost earnings and lost earning capacity;

e.   Punitive and exemplary damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 in an amount sufficient to punish and make an example of Defendant STEINHAUSER, in order to promote greater safety and provide an incentive for Defendant STEINHAUSER and others so situated to engage in safer practices.

118.   The individual Defendants, and each of them, engaged in malicious, willful, oppressive and despicable conduct as herein alleged and acted with a conscious disregard of Plaintiffs' rights and with an intent to vex, injure or annoy such as to constitute oppression, fraud or malice. The individual Defendants, and each of them, engaged in a conscious and willful disregard caused injuries and damages to ERNEST R. Plaintiff is therefore entitled to punitive damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757 in an amount sufficient to punish and make an example of Defendant STEINHAUSER, in order to promote greater safety and provide an incentive for Defendant STEINHAUSER and others so situated to engage in safer practices.

## EIGHTH CLAIM FOR RELIEF
### NEGLIGENCE
**[PLAINTIFF Against All Defendants]**

119.   PLAINTIFF repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein. PLAINTIFF are informed and believes and thereon alleges the following.

120.   Plaintiffs invoke the pendant jurisdiction of this Court to hear this claim.

Complaint for Damages

121.   Defendants, and each of them, had a duty not to cause Plaintiff ERNEST R. serious and severe personal injury.

122.   Defendants, and each of them, breached their duty not to cause Plaintiff serious and severe personal injury by unjustifiably beating him with a police baton and then, without being threatened with deadly force or under any imminent threat of harm, shot Plaintiff several times.

123.   Defendants, and each of them, including Defendant STEINHAUSER, had a duty to act reasonably under the circumstances, and that either through breach of that duty, or in failing to follow appropriate procedures, Plaintiff ERNEST R. was shot and suffered serious and severe personal injury.

124.   Defendants, and each of them, caused Plaintiff to suffer serious and severe personal injury by beating him with a baton and then shooting him.

125.   As a direct and proximate result of the breach of duty by defendants, and each of them, Plaintiff ERNEST R. has sustained serious and severe personal injury.

126.   As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

      a.  Physical and mental pain and suffering;

      b.  Damages to clothing and other personal effects;

      c.  Medical expenses;

      d.  Lost earnings and lost earning capacity;

## NINTH CLAIM FOR RELIEF

## NEGLIGENT HIRING, TRAINING, SUPERVISION AND RETENTION

### [PLAINTIFF Against All Defendants]

127.   PLAINTIFF repeat, re-allege and incorporate each and every allegation of each and every paragraph above as though fully set forth herein. PLAINTIFF are informed and believes and thereon alleges the following:

128.   Plaintiffs invoke the pendant jurisdiction of this Court to hear this claim.

129.   Plaintiffs are informed and believe and thereon allege that Defendants LBPD and CITY OF LONG BEACH were aware of the unfitness of Defendant STEINHAUSER and that Defendants LBPD and CITY OF LONG BEACH as a policy, custom and practice continued to employ and utilize STEINHAUSER resulting in the violation of the Civil Rights of ERNEST R.

130.   Plaintiff is informed and believed, that as a result of STEINHAUER's professional background or lack of qualifications, Defendants LBPD and CITY OF LONG BEACH should not have hired and/or retained STEINHAUSER.

131.   At all times herein mentioned, Defendants LBPD and CITY OF LONG BEACH were negligent in supervising the conduct of Defendant STEINHAUSER, resulting in serious and severe personal injury to Plaintiff ERNEST R.

132.   Plaintiffs are informed and believe, and thereon allege, that on or before May 28, 2009, Defendants LBPD and CITY OF LONG BEACH negligently hired, trained, supervised, employed and/or managed Defendant STEINHAUSER by failing and refusing to train Long Beach Police Officers in proper use of force, in particular the pyramid of force, use of non-violent compliance methods, use of a baton, and proper situations for use of a gun, so that they did not pose an unreasonable risk of serious bodily injury and death; in that the Defendants knew, or in the exercise of reasonable diligence, should have known, that Defendants STEINHAUSER was a dangerous and violent employee, prone to use of unnecessary force, and in a manner that demonstrated callous disregard for the rights and safety of civilian citizens, and assault and batter

persons and/or use unnecessary, unreasonable and/or unlawful physical force without reasonable justification.

133.   As a legal, direct and proximate result of the aforementioned negligence by Defendants, and each of them, Plaintiff ERNEST R. suffered bodily injuries, mental injuries and emotional distress. Each of the individual defendants and the municipal defendants acted in concert and without authorization of law and each of the individual defendants, separately and in concert, acted willfully, knowingly, with reckless disregard and callous indifference, and purposely with the intent to deprive Plaintiff ERNEST R. of his rights and privileges, entitling Plaintiff to exemplary and punitive damages against the individual Defendant STEINHAUSER in an amount to be proven at the trial of this matter.

134.   As a direct and proximate result of said tortious and illegal acts and omissions of Defendants, and each of them, Plaintiff has sustained and incurred, and are certain to sustain and incur in the future, losses, injuries and damages itemized as follows:

      a.  Physical and mental pain and suffering;

      b.  Damages to clothing and other personal effects;

      c.  Medical expenses;

      d.  Lost earnings and lost earning capacity;

//
//
//
//
//
//
//
//
//

Complaint for Damages

**PRAYER**

Wherefore, the PLAINTIFF for each and every claim for relief above demands the following relief, jointly and severally, against all the defendants;

(a)   Compensatory general and special damages in an amount in accordance with proof which are:

(1.)   As a direct and proximate result of the aforementioned acts of Defendants, and each of them, ERNEST RAYMOND RODRIGUEZ suffered the following injuries and damages which are recoverable by PLAINTIFF under the Federal Civil Rights statutes identified herein:

> a.   Violation of his constitutional rights under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person and summary, cruel and unusual punishment.
>
> b.   Conscious physical pain, suffering, and emotional trauma.
>
> c.   Loss of income and lost earning capacity.

(2.) As a direct and proximate result of the actions of Defendants, PLAINTIFF suffered the following injuries, including but not limited to:

> a.   Physical and mental pain and suffering;
>
> b.   Damages to clothing and other personal effects;
>
> c.   Medical expenses;
>
> d.   Lost earnings and lost earning capacity;

(b)   Reasonable attorneys' fees and expenses of litigation, including those fees permitted by 42 U.S.C. § 1988; Attorney fees Awards Act of 1976, and 42 USC section 1983.

(c)   Punitive and exemplary damages pursuant to California Civil Code Section 3294 and *Grimshaw v. Ford Motor Co.,* (1981) Cal.App.3d 757, against Defendant STEINHAUSER only.

Complaint for Damages

1

    **(d)**    Costs of suit necessarily incurred herein;

2

    **(e)**    Prejudgment interest according to proof;

3

    **(f)**    Burial and funeral expenses;

4

    **(g)**    Such other and further relief as the Court deems just and proper.

5

6

Dated:  February 11, 2010

7

                      SAYRE & LEVITT, LLP

8

9

                      By: _____

10

                          Federico Castelan Sayre

11

                          Kent M. Henderson

12

                          Attorneys for PLAINTIFF

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Complaint for Damages

1

## **DEMAND FOR JURY**

2

PLAINTIFF hereby demands a trial by jury in this matter.

3

4

Dated:  February 11, 2010            SAYRE & LEVITT, LLP

5

6

By:_____

7

Federico Castelan Sayre

8

Kent M. Henderson

Attorneys for PLAINTIFF

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-35-

Complaint for Damages

**EXHIBIT NO. 1**

Return to: CITY CLERK
333 West Ocean Blvd.
Long Beach, CA 90802

# CLAIM FOR DAMAGES
## AGAINST CITY OF LONG BEACH

**©COPY**

RESERVE FOR FILING STAMP
FILE NO.

1. Claims for death, injury to person or to personal property must be filed not later than 6 months after date of occurrence. (Gov. Code Sec. 911.2)
2. Claims for damages to real property must be filed not later than 1 year after the occurrence. (Gov. Code Sec. 911.2)
3. Read entire claim for before filing.
4. Fill in each line completely.
5. Attach separate sheets, if necessary, to give full details.

ERNEST RAYMOND RODRIGUEZ 12/04/83
Name of Claimant (type or print)    Date of Birth    Driver License #

214 W. Tiller Avenue, Anaheim, CA 92802    714-721-2393
Home Address of Claimant    City, State, Zip Code    Telephone #

Business Address of Claimant    City, State, Zip Code    Telephone #

The Law Offices of Sayre & Levitt, LLP 900 North Broadway
Give name and address to which notices or communications are to be sent regarding this claim:
4th Floor, Santa Ana, CA 92701 714-550-9117

| Date of incident: | Time of occurrence: | Exact location of occurrence: | At or near |
|---|---|---|---|
| May 28, 2009 | Approximately 12:05 a.m. | | 5224  E. 2nd Street |
| (Month)   (Day)   (Year) | A M | | City of Long Beach |

License number and make of vehicle(s) involved (if applicable)

**What happened?**
See Government Claim letter dated October 23, 2009, and attached hereto.

Were Police at scene? ☒ Yes   ☐ No

Why is City of Long Beach responsible? Give name of public employee involved, if known.
See attached Government Claim letter dated October 23, 2009.

Give total amount of claim. (Include estimated amount of any prospective injury or damage):
$5,000,000.00

How was amount of claim computed? (Be specific. List doctor bill, wage rate, repair estimates, etc.):
PLEASE ATTACH ESTIMATES.    Pain and Suffering; Emotional distress and Mental angui
Doctor's bills;medical bills and costs both past and future; loss of income,
future income earning capacity; discovery and investigation are continuing.

List names and addresses of witnesses; doctors and hospitals; insurance companies:
See the attached Long Beach police Report #09-38893, Report Date 5/28/09.

*Return ORIGINAL to City Clerk*
*Keep a Copy for your File*
**CLAIMS MUST BE FILED with CITY CLERK**
(Cal. Gov. Code Sec. 915a)
(Claim may be mailed to Clerk)
NOTE: Presentation of a false claim is a felony
(Cal. Pen. Code Sec. 72)

I certify under penalty of perjury that the foregoing is true and correct.
(Signed) _____
IF MINOR (UNDER 18) PARENT OR GUARDIAN MUST SIGN FORM
Signature of Claimant or person filing on his behalf-giving relationship to Claimant

Santa Ana California   10-23-2009
Attorneys for claimant

FEDERICO CASTELAN SAYRE
KENT M. HENDERSON
JAMES F. RUMM
MICHAEL J. CAREY
BRYAN J. CABRERA
TYLER R. DOWDALL
FABIO CABESAS

Of Counsel
MICHAEL R. BONGIORNO
LEON C. SUMMER

* Licensed in CA and
  U.S. Virgin Islands

OFFICE ADMINISTRATOR
Jack E. Jessup

LAW OFFICES OF
## SAYRE & LEVITT, LLP
900 N. BROADWAY
4ᵗʰ FLOOR
SANTA ANA, CALIFORNIA 92701
TELEPHONE (714) 550-9117
TELEPHONE (949) 721-0221
FACSIMILE (714) 541-2414
FACSIMILE (714) 550-9125
sayreesq@sayre-law.com
Web site www.sayre-law.com

KENT M. HENDERSON*
900 N. BROADWAY,
4th & 7th FLOORS
SANTA ANA, CALIFORNIA 92701
(714) 550-9117

Of Counsel
Las Vegas Office
MATTHEW Q. CALLISTER
CALLISTER & REYNOLDS
823 So. 6ᵗʰ Street
LAS VEGAS, NV 89101
(702) 385-3343

*MANAGING ATTORNEY

October 23, 2009

<u>**VIA CERTIFIED MAIL**</u>
- Return Receipt Requested

THE LONG BEACH CITY CLERK
333 West Ocean Blvd., Plaza Level
Long Beach, CA 90802

      Re:    <u>**Government Claim**</u>
             **(Pursuant to California Government Code Sections 800 et seq. 905; 815.2;
             820; 820.25(b); 830 et seq. for negligence and breach of mandatory duty and
             for breach of all other provisions of the Government Code)**

Dear Sir or Madam:

      The following information is hereby respectfully submitted on behalf of claimant
pursuant to the requirements of California Government Code, Section 905, et seq.:

      **(a)**    <u>**The names and post office addresses of the claimants:**</u>

**NAMES OF CLAIMANT:**      ERNEST RAYMOND RODRIGUEZ

**CLAIMANTS' ADDRESS:**      c/o Federico C. Sayre, Esq.,
                     Kent M. Henderson, Esq.
                     Law Offices of Sayre & Levitt, LLP
                     900 N. Broadway, 4ᵗʰ Floor
                     Santa Ana, Ca 92701-3452

# LAW OFFICE OF SAYRE & LEVITT, LLP

Re: Government Claim
(Pursuant to California Government Code Sections 800 et seq. 905; 815.2; 820; 820.25(b); 830 et seq. for negligence and breach of mandatory duty and for breach of all other provisions of the Government Code)
October 23, 2009
Page 2

**(b)**   **The names and post office address of the defendants:**

> City of Long Beach Police Officer
> JONATHAN A. STEINHAUSER # 6060 and
> the City of Long Beach and the Long Beach
> Police Department, whose address is set forth
> below:
>
> The City of Long Beach
> 333 West Ocean Blvd., Plaza Level
> Long Beach, CA 90802;
>
> and
>
> Long Beach Police Department
> 400 West Broadway
> Long Beach, CA 90802;
>
> and
>
> Long Beach Police Department
> INTERNAL AFFAIRS DIVISION
> 333 West Broadway, Suite #308
> Long Beach, CA 90802.

**(c)**   **The post office address to which the person presenting the claim desires notices to be sent:**

**CLAIMANTS DESIRE ALL NOTICES BE SENT TO:**     Federico C. Sayre, Esq.
Kent M. Henderson, Esq.
Law Offices of Sayre & Levitt, LLP
900 North Broadway, Fourth Floor
Santa Ana, Ca 92701

**(d)**   **The date, place and other circumstances of the occurrence or transaction, which gave rise to the claim asserted:**

DATE OF INCIDENT:          May 28, 2009



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete
  Item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse
  so that we can return the card to you.
■ Attach this card to the back of the mailpiece,
  or on the front if space permits.

1. Article Addressed to:

   THE LONG BEACH CITY CLERK
   333 West Ocean Blvd.
   Plaza Level
   Long Beach, CA 90802

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _Pat Clay_                    ☐ Agent
                                ☐ Addressee

B. Received by (Printed Name)   C. Date of Delivery
   Pat Clay                     10/26/09

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:       ☐ No

3. Service Type
   ☒ Certified Mail      ☐ Express Mail
   ☐ Registered          ☐ Return Receipt for Merchandise
   ☐ Insured Mail        ☐ C.O.D.

4. Restricted Delivery? (Extra Fee)   ☐ Yes

2. Article Number
   (Transfer from service label)      7007 0220 0001 7946 8865

PS Form 3811, February 2004    Domestic Return Receipt    102595-02-M-15

---

UNITED STATES POSTAL SERVICE

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4 in this box •

**LAW OFFICES OF**
**FEDERICO CASTELAN SAYRE**
**900 N. BROADWAY**
**4TH FLOOR**
**SANTA ANA, CA 92701-3452**
Attn: Km H

Re: ERNEST RAYMOND Rodriguez

DOI: 5.28.09

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

| | |
|---|---|
| **I (a) PLAINTIFFS** (Check box if you are representing yourself ☐ )<br>ERNEST RAYMOND RODRIGUEZ, an individual; | **DEFENDANTS**<br>CITY OF LONG BEACH; LONG BEACH POLICE DEPARTMENT; JONATHAN A. STEINHAUSER; and Does 1-10 |
| **(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)<br>Kent M. Henderson, Esq.<br>LAW OFFICES OF SAYRE & LEVITT, LLP.<br>900 North Broadway, 4th Floor<br>Santa Ana, CA 92701<br>Telephone: (714) 550-9117<br>Facsimile: (714) 550-9124 | Attorneys (If Known) |

**II.   BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III.   CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☒ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV.   ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V.   REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes   ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes   ☒ No   ☐ **MONEY DEMANDED IN COMPLAINT: $** _____

**VI.   CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)

Violation of Civil Rights Under Color of Law (42 USC § 1983) and supplemental state law claims based on excessive use of force;police shooting

**VII.   NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 530 General | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 535 Death Penalty | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | **BANKRUPTCY** | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | ☐ 151 Medicare Act | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | **FORFEITURE/ PENALTY** | **PROPERTY RIGHTS** |
| ☐ 490 Cable/Sat TV | | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 810 Selective Service | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 160 Stockholders' Suits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 190 Other Contract | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | | **SOCIAL SECURITY** |
| ☐ 890 Other Statutory Actions | ☐ 195 Contract Product Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 196 Franchise | | ☐ 445 American with Disabilities - Employment | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | **REAL PROPERTY** | **IMMIGRATION** | | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | ☐ 210 Land Condemnation | ☐ 462 Naturalization Application | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety/Health | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 220 Foreclosure | ☐ 463 Habeas Corpus-Alien Detainee | ☒ 440 Other Civil Rights | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 230 Rent Lease & Ejectment | ☐ 465 Other Immigration Actions | | | **FEDERAL TAX SUITS** |
| ☐ 900 Appeal of Fee Determination Under Equal Access to Justice | ☐ 240 Torts to Land | | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | | | | ☐ 871 IRS - Third Party 26 USC 7609 |
| | ☐ 290 All Other Real Property | | | | |

SACV10-00271 DOC(ANx)

**FOR OFFICE ONLY:**   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CCD-JS44

**UNITED STAT.  DISTRICT COURT, CENTRAL DISTRIC.  F CALIFORNIA**
**CIVIL COVER SHEET**

**VIII(a).   IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?   [X] No   [ ] Yes

If yes, list case number(s): _____

**VIII(b).   RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?   [X] No   [ ] Yes

If yes, list case number(s): _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)     [ ]  A. Arise from the same or closely related transactions, happenings, or events; or

[ ]  B. Call for determination of the same or substantially related or similar questions of law and fact; or

[ ]  C. For other reasons would entail substantial duplication of labor if heard by different judges; or

[ ]  D. Involve the same patent, trademark or copyright, <u>and</u> one of the factors identified above in a, b or c also is present.

**IX.  VENUE:**  (When completing the following information, use an additional sheet if necessary.)

(a)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

[ ]   Check here if the government, its agencies or employees is a named plaintiff.  If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| ORANGE | |

(b)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

[ ]   Check here if the government, its agencies or employees is a named defendant.  If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c)   List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.

Note: **In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

* **Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

**X.  SIGNATURE OF ATTORNEY (OR PRO PER):**  _(signature)_                    Date <u>March 2, 2010</u>

Notice to Counsel/Parties:   The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law.  This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet.  (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Arthur Nakazato.

The case number on all documents filed with the Court should read as follows:

## SACV10- 271 DOC (ANx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

====================================================

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [_] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [X] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [_] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)      NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**FOR OFFICE USE ONLY**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERNEST RAYMOND RODRIGUEZ, an individual; | CASE NUMBER |
| | **SACV10-00271 DOC(ANx)** |
| PLAINTIFF(S) | |
| v. | |
| CITY OF LONG BEACH; LONG BEACH POLICE DEPARTMENT; JONATHAN A. STEINHAUSER; and Does 1-10 | **SUMMONS** |
| DEFENDANT(S) . | |

TO:   DEFENDANT(S):

A lawsuit has been filed against you.

Within __31__ days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached [X] complaint [ ] _____ amended complaint [ ] counterclaim [ ] cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, _Kent M. Henderson, Esq._____ , whose address is _LAW OFFICES OF SAYRE & LEVITT, LLP., 900 North Broadway, 4th Floor Santa Ana, CA  92701_____ . If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated:   MAR – 5 2010                    By: _____
                                                TRINA DEBOSE
                                                Deputy Clerk

                                                (Seal of the Court)

                                                1144

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*