1
2
3
4
5
6
7
8

**UNITED STATES DISTRICT COURT**

9

**CENTRAL DISTRICT OF CALIFORNIA**

10
11

ERNEST RAYMOND RODRIGUEZ,

Case No.: SACV10-00271 DOC(ANx)

12

Plaintiff,

Honorable David O. Carter
Dept. 9-D

13

vs.

14

CITY OF LONG BEACH; LONG
BEACH POLICE DEPARTMENT;
JONATHAN A. STEINHAUSER; and
Does 1 - 10,

**STIPULATED PROTECTIVE
ORDER**

15
16
17

Defendants.

Complaint Filed:  April 6, 2010
Trial Date:        September 27, 2011

18
19

        Based upon the Stipulation by and between the parties for entrance of a

20

Stipulated Protective Order, good cause appearing therefore, and appearing that the

21

information  requested  by the Plaintiff from the files of the Long Beach Police

22

Department, Long Beach Shooting Board, and Los Angeles District Attorney's

23

Office in this matter is privileged as official information, and protected by the

24

individual police officer's right of privacy,  the Parties nevertheless wish to

25

cooperate with discovery while protecting the interests of the police officer named

26

as a defendant herein. The following Protective Order shall apply to the

27

information released by the Long Beach Police Department to the Plaintiff in this

28

action.

1

PROTECTIVE ORDER

1          1.  Attorneys for the Plaintiff shall receive from the Long Beach Police

2     Department Custodian of Records copies of portions of the personnel file of

3     Defendant Officer JONATHAN A. STEINHAUSER, limited to the Internal

4     Affairs complaints and records of discipline of such Defendant Officer as it

5     pertains to allegations of excessive use of force.

6          2.  Attorneys for the Plaintiff shall personally secure and maintain said

7     copies in their possession to the end that said copies are to be used only for the

8     purposes set forth below and for no other purpose.

9          3.  Copies of the records shall only be used for preparing for and prosecuting

10    or defending this case pending the completion of the judicial process including

11    appeal, if any.

12         4.  If necessary, in the judgment of the attorneys for the Plaintiff in this case,

13    they may show or reveal the contents of the copies to their employees or agents,

14    including expert trial witnesses, if the same may actively assist in the prosecution

15    or defense of this case.

16         5. If the records are referred to during a deposition, that portion of the

17    deposition shall be confidential, and shall be so marked by the court reporter, and

18    shall be maintained under seal. The records obtained through this protective order

19    shall not be attached as an exhibit to the deposition transcript, and shall only be

20    attached for motion practice if the motion is filed under seal.

21         6.  Copies of the records may be used at time of trial only if so ordered by

22    the court.  Additionally, reference to the content of any records or the existence of

23    any such record shall only be made after so ordered by the court.

24         7.  After completion of the judicial process in this case, attorneys for the

25    parties shall return the above-referenced records to the attorney for the Custodian

26    of Records for the Long Beach Police Department and shall retain no copy of such

27    material in any form.

28         8.  Attorneys for the parties shall cause the substance of this Order to be

2

1   communicated to each person to whom the name and addresses are revealed in

2   accordance with this Order, and shall take all reasonable steps to insure that the

3   attorney's agents, employees and expert witnesses abide by the requirements of

4   this Order.

5       9.  The attorneys for the Plaintiff shall not cause or knowingly permit

6   disclosure of the contents of the copies beyond the disclosure permitted under the

7   terms and conditions of this Order, including but not limited to any news media

8   which is inclusive of film or video, television, radio or print.

9       10. Either party may move for modification of this Order and the Court

10   retains jurisdiction to modify this Protective Order and to make further Orders with

11   respect to control and use of the names and addresses delivered to the attorneys for

12   the parties pursuant to this Order, including Orders as to the ultimate disposition of

13   said copies while the judicial process is pending.

**IT IS SO ORDERED.**

DATED:  March 29, 2011         /s/   ARTHUR NAKAZATO

                          United States Magistrate Judge

3

PROTECTIVE ORDER