UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

<u>CIVIL MINUTES – GENERAL</u>

Case No. SACV 10-0271 DOC (ANx)                  Date: March 6, 2012

Title: ERNEST RAYMOND RODRIGUEZ v. CITY OF LONG BEACH

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

| <u>Julie Barrera</u> | <u>    N/A    </u> |
|---|---|
| Courtroom Clerk | Court Reporter |

ATTORNEYS PRESENT FOR PLAINTIFF:    ATTORNEYS PRESENT FOR DEFENDANT:

None Present                                    None Present

**PROCEEDINGS: (IN CHAMBERS): ORDER DENYING NEW TRIAL, BUT AWARDING ATTORNEY'S FEES**

       Before the Court are two motions field by Plaintiff Ernest Raymond Rodriguez ("Plaintiff"): (1) a Motion for New Trial (dkt. 112); and (2) Motion For Recovery of Attorney Fees (dkt. 95). The Court finds the matter appropriate for decision without oral argument. Fed R. Civ. P. 78; Local R. 7-15. After considering the moving, opposing, and replying papers, the Court GRANTS the Motion but REDUCES the fee award.

       As the parties are familiar with the facts of the case, the Court will not summarize them here.

       **II.**     **Legal Standard**

            **a. Standard for a Motion for New Trial**

       A new trial may be granted in an action in which there has been a trial by jury, for any of the reasons for which new trials have heretofore been granted in actions at law. Fed. R. Civ. P. 59(a). Granting a new trial is left to the sound discretion of the trial court. *See Browning-Ferris Indus. v. Kelco Disposal, Inc.*, 492 U.S. 257, 278, 109 S. Ct. 2909, 2921 (1989). Bases for a new trial include: (1) a verdict against the clear weight of the evidence, *see Landes Const. Co., Inc. v. Royal Bank of Canada*, 833 F.2d 1365, 1371 (9th Cir. 1987); (2) evidence, discovered after trial, that would not have been uncovered earlier through the exercise of due diligence and that is of such magnitude that its

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0271 DOC (ANx)            Date: March 2, 2012
                                                                         Page 2

production at trial would likely have changed the outcome of the case, *see Far Out Prods., Inc. v. Oskar*, 247 F.3d 986, 992-93 (9th Cir. 2001) (quoting *Defenders of Wildlife v. Bernal*, 204 F.3d 920, 929 (9th Cir. 2000)); (3) jury misconduct, *see United States v. Romero-Avila*, 210 F.3d 1017, 1024 (9th Cir. 2000); and (4) error in law that has substantially prejudiced a party, *see Ruvalcaba v. City of Los Angeles*, 64 F.3d 1323, 1328 (9th Cir. 1995).

### b. Standard for a Motion for Attorney's Fees Under 42 U.S.C. § 1988(b)

Under 42 U.S.C. § 1988, the Court may, in its discretion, grant reasonable attorney's fees as part of the costs to the prevailing party. 42 U.S.C. § 1988(b). Generally, the lodestar formula should be used to determine a reasonable figure for an award of attorney's fees. *See Perdue v. Kenny A. ex rel. Winn*, __ U.S. __, 130 S.Ct. 1662, 1672 (2010). A lodestar figure is calculated by "multiplying the hours spent on a case by a reasonable hourly rate of compensation for each attorney involved." *Pennsylvania v. Del. Valley Citizens' Council for Clean Air*, 478 U.S. 546, 563, 106 S. Ct. 3088 (1986). The lodestar figure is presumed to represent an appropriate fee, but the Court may adjust the figure upward or downward to take into account special factors. *See Blum v. Stenson*, 465 U.S. 886, 897, 104 S. Ct. 1541 (1984) (reasonable hours multiplied by reasonable rate normally provides a reasonable fee award within the meaning of the statute); *Jordan v. Multnomah County*, 815 F.2d 1258, 1262 (9th Cir. 1987) (strong presumption that lodestar figure is reasonable). A "reasonable" fee is a fee that is "sufficient to induce a capable attorney to undertake the representation of a meritorious civil rights case." *Perdue*, 130 S.Ct. at 1672.

A plaintiff is considered the prevailing party if it succeeds on any significant issue in litigation which gives some benefit that plaintiff sought in bringing the suit. *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S. Ct. 1933 (1983). To satisfy this requirement, the suit must have produced a material alteration of the legal relationship between the parties. *Buckhannon Board & Care Home, Inc. v. W. Va. Dept. of Health & Human Res.,* 532 U.S. 598, 604, 121 S. Ct. 1835 (2001). This alteration may be the result of an enforceable judgment or comparable relief through a consent decree. *Farrar v. Hobby*, 506 U.S. 103, 111, 113 S. Ct. 566 (1992). If a plaintiff achieves only partial success, the reasonable hours expended on the action as a whole multiplied by a reasonable rate may be an excessive amount. *Hensley*, 461 U.S. at 436. Where a plaintiff prevails on only

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0271 DOC (ANx)            Date: March 2, 2012
                                                                                                         Page 3

some claims, the Court should ask whether the plaintiff "fail[ed] to prevail on claims that were unrelated to the claims on which he succeeded" and whether the plaintiff "achieve[d] a level of success that makes the hours reasonably expended a satisfactory basis for making a fee award". *Id.* at 434.

        Once the Court has determined that attorney's fees are warranted in a given case, the Court must then assess whether the amount of fees requested is reasonable. A fee applicant carries the burden of submitting evidence in support of the claimed hours. *Gates v. Deukmejian*, 987 F.2d 1392, 1397 (9th Cir. 1993). "Counsel for the prevailing party should make a good faith effort to exclude from a fee request hours that are excessive, redundant, or otherwise unnecessary . . . ." *Hensley*, 461 U.S. at 434. The opposing party has the burden of rebuttal, requiring submission of evidence challenging the accuracy and reasonableness of the hours charged or facts asserted. *Gates*, 987 F.2d at 1397-98. "'In setting a reasonable attorney's fee, the district court should make specific findings as to the rate and hours it has determined to be reasonable.'" *Gracie v. Gracie*, 217 F.3d 1060, 1070 (9th Cir. 2000) (quoting *Frank Music Corp. v. Metro-Goldwyn Mayer, Inc.*, 886 F.2d 1545, 1557 (9th Cir. 1989)).

### III.    Motion for New Trial

        Plaintiff moves for a new trial on only the issue of non-economic damages under Federal Rule of Civil Procedure 59(a) on the grounds that the verdict was against the clear weight of the evidence. A court does not abuse its discretion in denying a motion for new trial where the jury could have properly discredited testimony about the "nature and cause of [a plaintiff's] injuries" based on, for example, inconsistent or contradicted testimony. *See Guy v. City of San Diego*, 608 F.3d 582, 588 (9th Cir. 2010).

        Plaintiff contends that the jury's failure to award non-economic damages was a verdict against the clear weight of the evidence because: (1) three witnesses—Plaintiff, his girlfriend, and an expert witness neurosurgeon—testified in support of these non-economic damages; and (2) Defendant's expert witness called to refute these damages was not credible. Plaintiff's argument fails because it is possible that the jury discredited Plaintiff's witnesses or credited Defendant's witness over Plaintiff's witnesses.

        First, Plaintiff cites no authority to contradict Defendant's argument that the jury may have chosen to disbelieve Plaintiff's testimony about his non-economic damages

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0271 DOC (ANx)            Date: March 2, 2012
                                                                                     Page 4

because Plaintiff also admitted on cross examination that he had not been accurate in his interrogatory responses. If the jury disbelieved Plaintiff, than the jury may have also disbelieved Plaintiff's other two witnesses—his girlfriend and the neurosurgeon expert witness—who relied upon Plaintiff's characterization of his injuries to form their own opinion of Plaintiff's pain and suffering.

        Second, Plaintiff's argument that Defendant's expert witness is not credible because he "deliberately clouded the issue" of Plaintiff's back pain is unavailing because Plaintiff cites no authority to show that this is a basis for a new trial. *See* Mot. at 17. Deliberately clouding the Plaintiff's narrative is exactly what opposition expert witnesses are called to do; that is why parties engage in a battle of the experts. Plaintiff lost an earlier skirmish to disqualify Defendant's expert witness in the motions in limine. This current attempt to relitigate the issue of the expert's credibility is unavailing.

        In sum, because Plaintiff analogizes to no case that reached the conclusion he now urges, the Court DENIES the Motion for New Trial (dkt. 112). However, the denial of a motion for new trial does not preclude an award of attorney's fees under Section 1988(b) of Title 42 of the United State Code. *See Guy v. City of San Diego*, 608 F.3d at 588 (affirming denial of motion for new trial but reversing denial of attorney's fees under Section 1988(b) as an abused of discretion where jury awarded plaintiff only nominal damages). Accordingly, the Court next addresses Plaintiff's motion for attorney's fees.

### IV.    Motion for Attorney's Fees

        Defendant does not dispute that Plaintiff is a prevailing party under Section 1988(b), nor could Defendant reasonable dispute Plaintiff's prevailing party status given that Plaintiff won a verdict finding Defendant liable for using excessive force in violation of both the United States Constitution and California law.[1] *See Guy v. City of San Diego*, 608 F.3d at 588 (holding that even a party that wins only nominal damages is a

---

[1] Plaintiff was successful on two of his three claims, as shown by a Special Verdict form filled out by the jury and to which both parties had stipulated. *See* Special Verdict (Dkt. 98). The jury found that the Defendant: (1) "violate[d] [Plaintiff's] constitutional rights by using excessive force; and (2) "violate[d] the Bane Act," a California claim, "by using excessive force." *Id.* The jury found that Defendant did not "batter" Plaintiff. *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-0271 DOC (ANx)            Date: March 2, 2012
                                                                                         Page 5

---

"prevailing party" in a Section 1983 action and is "therefore eligible for an award of attorney's fees" under Section 1988(b)).

When a prevailing party seeks attorney's fees under Section 1988, the "proper analysis requires" that the "plaintiff only be denied an award of attorney's fees when special circumstances exist sufficient to render an award unjust." *Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005) (reversing denial of fee award under Section 1988). The "'special circumstances' exception" focuses on two "factors," namely whether: (1) "allowing attorney fees would further the purposes of § 1988"; and (2) the "balance of the equities favors or disfavors the denial of fees." *Id.*

Defendant's briefing does not address these two factors explicitly. Instead, Defendant argues that Plaintiff's attorney's fees should be denied or reduced because: (1) the jury trial awarded less in damages than Defendant offered at settlement; or (2) Plaintiff's counsel did not adequately justify his fees.

### a. Defendant is not entitled to reduce Plaintiff's fees simply because the jury awarded less damages than Defendant offered at settlement

The United States Supreme Court has explained numerous times that, unlike "a private tort suit benefiting only the individual plaintiffs," a suit brought under Section 1983 "seeks to vindicate important civil and constitutional rights that *cannot be valued solely in monetary terms*." *City of Riverside v. Rivera*, 477 U.S. 561, 574 (1986) (emphasis added); *see also Fox v. Vice*, __ U.S. __, 131 S.Ct. 2205, 2213 (2011) (noting that plaintiff who sought a Section 1988 fee award claim served "as a 'private attorney general,' vindicating a policy that Congress considered of the highest priority"). A plaintiff's meager monetary recovery is not an appropriate measure of his success for purposes of a Section 1988 fee award because "a successful civil rights plaintiff often secures important social benefits." *Rivera*, 477 U.S. at 574. Specifically, a plaintiff's civil rights victory "contributes significantly to the deterrence of civil rights violations in the future" and this "deterrent effect is particularly evident in the area of individual police misconduct." *Id.* at 575; *see also Morales v. City of San Rafael*, 96 F.3d 359, 365 (9th Cir. 1996) ("[I]n determining a reasonable fee award [under Section 1988], the district court should consider not only the monetary results but also the significant nonmonetary results [the plaintiff] achieved for himself and other members of society.").

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0271 DOC (ANx)                       Date: March 2, 2012
                                                                                            Page 6

       Precisely because civil rights litigation has "social benefits" that can not be reduced to "monetary terms," the Supreme Court has rejected a police officer defendant's argument that a Section 1988 fee award should be "proportionate to the amount" that a civil rights plaintiff "actually recovers." *Rivera*, 477 U.S. at 574-75. For this very reason, the Supreme Court has affirmed a fee award under Section 1988 against police officers that was "seven times" the amount of compensatory and punitive damages awarded—a larger ratio than the one here. *See id.* at 582. District courts in this district have also awarded Section 1988 fees and costs against police officers that were eight times the amount the plaintiff received in settlement. *See e.g., McCown v. City of Fontana*, 711 F. Supp. 2d 1067, 1069-70 (C.D. Cal. 2010) (awarding $148,250 in fees and $15,034.10 in costs under Section 1988, even though all but one of Plaintiff's claims was dismissed on summary judgment and the remaining claim for being "tased in the genitals" was settled for $20,000) *affirmed by McCown v. City of Fontana*, No. 10-55672, 2011 U.S. App. LEXIS 25841 (9th Cir. Cal. Dec. 27, 2011); *see also* 1 Attorneys' Fees – Effect of degree of success on amount of fee § 10:29 (3d ed.) ("[A] fee award may exceed the amount of damages, and there is no rule of proportionality that limits attorney's fees in civil rights cases to a proportion of the damages awarded.").

       For these same reasons, the Ninth Circuit has reversed a district court's reduction of a Section 1988 fee award against police officers because it was an abuse of discretion to limit the amount of fees due to the small size of plaintiff's recovery. *Morales v. City of San Rafael*, 96 F.3d 359, 362-65 (9th Cir. 1996). The court reasoned that the plaintiff's "nonmonetary success was significant" because the jury held "the officer involved responsible for his unlawful" acts. *Id.* at 364. Because the jury "assessed damages against the defendants, the verdict established a deterrent" and "served the public purpose of helping to protect [the plaintiff] and persons like him from being subjected to similar unlawful treatment in the future." *Id.* at 364-65. Even though the district court awarded fees greater than the monetary damages plaintiff recovered, this award was not enough; the district court erred as a matter of law by foregoing the lodestar calculation and reducing fees "to avoid a figure 'too much more' than the [plaintiff's]damages award." *Id.* at 362.

       Furthermore, the Ninth Circuit recently reversed a district court's denial of Section 1988 attorney's fees where a jury found the police officer defendant used "excessive force" but awarded only nominal damages. *Guy v. City of San Diego*, 608 F.3d 582, 589-90 (9th Cir. 2010). The Ninth Circuit reasoned that plaintiff's favorable jury verdict was

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0271 DOC (ANx)                              Date: March 2, 2012
                                                                                                        Page 7

---

a "tangible result" warranting fees because it "sen[t] an unmistakable message to the City and its police department that even when . . . forceful actions are permissible at first," later force can still be "considered excessive." *Id.* The jury verdict was especially "significant . . . because the [police department's] internal affairs division concluded, contrary to the jury, that [the police officer defendant] did not use excessive force." *Id.* The police department "now knows, if it did not know before when it conducted its internal review, that even if . . . force was initially justified, . . . a jury may determine that force was excessive." *Id.* Furthermore, the jury verdict was significant even though there was "no evidence that the [police department] changed its investigation procedures or modified its use-of-force policies because of this case" and even if the district court's conclusion that the lawsuit "did not produce a tangible result" was "plausible." *Id.* at 590.

       Defendant contends that attorney's fees should be reduced because Plaintiff's favorable jury verdict was less than Defendant's settlement offer, citing *Ingram v. Oroudjian*, 647 F.3d 925 (9th Cir. 2011). In *Ingram*, the Ninth Circuit addressed an issue of first impression under the Fair Housing Act to "hold that the district court did not err by considering settlement negotiations for the purposes of deciding a reasonable attorney fee award *in this case*." *Id.* at 927 (emphasis added). The plaintiff, a tenant, had brought a claim under the Fair Housing Act in federal court after his landlord had commenced an ultimately successful unlawful detainer action against him in state court for failure to pay rent. *Id.* The plaintiff eventually settled the federal case for an amount that had been offered and "rejected by [the plaintiff] one month before." *Id.* The Ninth Circuit concluded that the district court could consider these settlement negotiations in reducing the plaintiff's attorney's fees in a one-paragraph discussion, noting only that the panel "agree[d] with the reasoning of the Third Circuit." *Id.*

       *Ingram* is distinguishable from this case because it involved neither the facts nor the law at issue here. First, *Ingram* involved a motion to reduce attorney's fees in a suit brought under the Fair Housing Act, 42 U.S.C. §§ 3601-19, which is a different statute than the one at issue here. Thus, *Ingram* did not engage in the requisite inquiry in a Section 1988 attorney's fees motion of determining whether "allowing attorney fees would further the purposes of § 1988." *See Thomas v. City of Tacoma*, 410 F.3d 644, 648 (9th Cir. 2005) (reversing denial of fee award that departed from lodestar calculation). The other factor considered in a Section 1988 attorney's fees motion is whether "balance of the equities favors or disfavors the denial of fees." *Id.* In *Ingram* the equities tipped in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0271 DOC (ANx)                  Date: March 2, 2012
                                                                           Page 8

---

favor of reducing an award because plaintiff unreasonably increased his own fees by refusing an offer he later accepted, without any indication of a change in the strength of his case. *See Ingram*, 647 F.3d. at 927. Here, in contrast, Plaintiff did not accept any offer and thus did not unreasonably increase his attorney's fees.

      In contrast to *Ingram*, the three cases addressing an award of Section 1988 attorney's fees control the Court's decision here. As in all three cases—*Rivera*, *Morales*, and *Guy*—the jury here found the Defendant, a police officer, liable for unconstitutional conduct. Plaintiff's favorable jury verdict here warrants Section 1988 attorney's fees because it "established a deterrent" against "similar unlawful treatment in the future," thus furthering the purposes of Section 1988. *See Morales*, 96 F.3d at 364-65. Like in *Guy*, the Defendant here may have acted reasonably when he *initially* sought to subdue Plaintiff. But, like in *Guy*, the jury verdict "send[s] an unmistakable message to the City and its police department that even when . . . forceful actions are permissible at first," later force can still be "considered excessive." *See Guy*, 608 F.3d at 590.

      Finally, like in *Guy*, a jury verdict is particularly "significant" because where, as here, a police department's internal review absolves the police officer defendant of wrongdoing, *only a jury verdict* can educate the police department and the public about the excessive force used by the officer. *Id.* Here, like in *Guy*, the police department conducted an internal review that absolved Defendant. If Plaintiff had merely settled, *neither the public nor the police department would have known* that Defendant's conduct was excessive force. Such public education is exactly the kind of non-monetary "social benefits" that Section 1988 attorney's fees are designed to reward. *See Rivera*, 477 U.S. at 574.

      In sum, Defendant's argument that this Court should reduce Plaintiff's attorney's fees because the jury verdict was less than Defendant's settlement offer impermissibly reduces the concept of success in civil rights litigation to merely "monetary terms" and ignores the "social benefits" of such litigation. *See Rivera*, 477 U.S. at 574. This Court can not forego lodestar calculations to reduce Plaintiff's recovery to something more "proportionate to the amount" plaintiff could have obtained via settlement. *See id.* at 574-75; *Morales*, 96 F.3d at 362-65. Such a narrow definition of success is not a basis for reducing a Section 1988 fee award given that there are significant social benefits

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-0271 DOC (ANx)                  Date: March 2, 2012
                                                                                                          Page 9

derived when civil rights plaintiffs *refuse* to settle. *See Rivera*, 477 U.S. at 575; *Morales*, 96 F.3d at 364-65.[2]

### b. Adequacy of Plaintiff's justification of fees

Defendant next contends that Plaintiff's counsel did not adequately justify his fees because: (1) the $700/hour billing rate is unreasonable; and (2) Plaintiff's records contain errors.

### i. A $700/hour billing rate is not unreasonable

As part of the lodestar calculation to determine the reasonable hourly rate for a Section 1988 attorney's fee award, the court may take into account: (1) the novelty and complexity of the issues; (2) the special skill and experience of counsel; (3) the quality of representation; and (4) the results obtained. *See Cabrales v. County of Los Angeles*, 864 F.2d 1454, 1464 (9th Cir. 1988). The reasonable rate inquiry should also be informed the prevailing market rates in the forum district. *Gates v. Deukmejian*, 987 F.2d 1392, 1405 (9th Cir.1992).

Defendant argues that the $700/hour billing rate for Plaintiff's most senior counsel is unsupported by anything more than counsel's "self-serving opinion" of himself, apparently referring to counsel's declaration about his qualifications. However, the only evidence about market rates provided by Defendant's counsel is his own declaration, which could be characterized as equally self-serving. The Court holds that $700/hour is reasonable given that district courts in this district and in other in major California cities have found that fees of $625 to $725 are reasonable for lead counsel in Section 1988 fee awards. *See Craft v. County of San Bernardino*, 624 F.Supp.2d 1113, 1122 (C.D.Cal. 2008) (awarding Section 1988 fee award based on $725/hour rate); *Prison Legal News v.*

---

[2] Alternatively, the Court rejects Defendant's argument regarding settlement because Defendant has not shown that the amount of the jury verdict *is* less than Plaintiff would have recovered via settlement. Defendant engages in some arithmetic to show that the jury verdict is actually less than the $59,000 the jury awarded, but cites no law to support this arithmetic. In addition, Plaintiff contends that Defendant never made an offer of settlement that satisfies the requirements of Federal Rule of Civil Procedure 68. See Reply at 4.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0271 DOC (ANx)  Date: March 2, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　Page 10

*Schwarzenegger*, 561 F.Supp.2d 1095, 1106 (N.D.Cal. 2008) (awarding Section 1988 fee award based on $700/hour rate and noting that at least eight law firms "billed over $700 an hour in recent years"); *Campbell v. National Passenger R.R. Corp.*, 718 F.Supp.2d 1093, 1100 (N.D.Cal. 2010) (awarding Section 1988 fee award based on $700/hour "market rate"); *Comite De Jornaleros De Redondo Beach v. City of Redondo Beach*, No. CV 04-9396 CBM, 2006 WL 4081215 at *3 (C.D.Cal. 2006) (awarding Section 1988 fee award based on $625/hour for the "most experienced counsel" and noting that this was less than the $725/hour charged by other partners in Los Angeles).[3]

　　　　Defendant does not challenge the billing rate for the other attorneys who billed $200/hour, $400/hour, and $500/hour. The Court concludes that these amounts are also reasonable given that these attorneys have 3, 16, and 22 years of experience respectively. *See* Sayre Decl. at 6.

　　　　　　　**ii. Plaintiff's revised billing that corrects the clerical errors identified by Defendant show that the number of hours worked is reasonable**

　　　　Defendant noted some errors in Plaintiff's billing which attributed work to the wrong attorney or no attorney, and Plaintiff does not dispute these errors. *See* Opp'n at 6; Reply at 4. Instead, Plaintiff responded by filing a corrected billing statement which reduced the fees sought by $7,250. *Compare* Mot. at 5 ($238,400 in fees) *with* Reply Ex. A. ($231,150 in fees).[4]

---

[3] Furthermore, while not necessary, Plaintiff furnished an additional declaration attesting to the reasonableness of the $700/hour fee award. *See* Paz Decl. at ¶ 12; *see also Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 980 (9th Cir. 2008) ("[A]ffidavits of . . . other attorneys regarding prevailing fees in the community . . . are satisfactory evidence of the prevailing market rate.").

[4] The Court is not persuaded that two of the "errors" identified by Defendant warrant any deductions to Plaintiff's fees, especially given that Defendant cites no authority for its position. First, Defendant argues that this Court should deduct 0.2 hours worked to "prep correspondence to [Plaintiff's expert] re documents for Pitchess motion" because such a motion was not necessary in this case. *See* Mot. Ex. 2 at 5; Machit Decl. at ¶ 8. But competent lawyering sometimes requires counsel to identify motions which are *not* necessary to a case, if nothing else to determine what motions *are* necessary. Given the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 10-0271 DOC (ANx)            Date: March 2, 2012
                                                                                           Page 11

---

      This corrected billing statement shows that Plaintiff's counsel seek $231,150 for 383.20 hours of work. The Court has reviewed the 14 pages of revised itemized billing statements provided by Plaintiff and concluded that the hours expended was reasonable given that Plaintiff's counsel worked with him from the inception of this case and through a trial involving several witnesses. *See* Reply Ex. A. The Court has also reviewed the 3 pages of itemized costs and concluded they are reasonable given that this case involved two expert witnesses and several administrative tasks. *See* Mot. Ex. 3.

      In addition, although Defendant does not raise the issue, the Court finds that these hours are reasonable even if they reflect the hours worked on the one claim for which Plaintiff was unsuccessful. That battery claim is intertwined with the two claims for excessive force on which Plaintiff prevailed because all three claims arose from the same fact pattern. Thus, the battery claim on which Plaintiff did not prevail "involve[s] a common core of facts or [is] based on related legal theories." *See Thomas v. City of Tacoma*, 410 F.3d 644, 649 (9th Cir. 2005).

      However, the Court finds the 2.1 hours spent on Plaintiff's Reply unreasonable because this work could have been avoided if Plaintiff had filed an accurate billing statement with the Motion. Thus, the Court reduces the fees by the $960 spent on the Reply.

      In sum, given that Plaintiff has corrected the clerical errors about which Defendant complained and given that Plaintiff worked from the inception of this case through trial, the Court finds the hours worked reasonable with the exception of the hours spent on the Reply.

      **c. Conclusion**

---

small amount of time spent on this issue, the correspondence may have simply said exactly what Defendant asserts: that a *Pitchess* motion would not be necessary. Second, Defendant argues that four hours of pretrial meetings with a witness in this case should be deducted because the word "client" appears in front of the witness's name. *See* Mot. Ex. 2 at 12; Machit Decl. at ¶ 9. Plaintiff's revised billing corrects this mistake and, given that it seems to simply be a clerical error rather than a deliberate misrepresentation, the Court sees no reason why these four hours should be deducted.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 10-0271 DOC (ANx)　　　　　　　　　　　　Date: March 2, 2012
　　　　　　　　　　　　　　　　　　　　　　　　　　　　Page 12

---

     In sum, because the hourly rates of the attorneys and the hours worked are reasonable, the Court concludes that Plaintiff is entitled to $230,190 in fees and $32,255.30 in costs.

### V.　　Disposition

     Accordingly, the Court GRANTS the Motion but REDUCES the fees requested by $960. Thus, the Court AWARDS Plaintiff a total of to $230,190 in fees and $32,255.30 in costs.

MINUTES FORM 11
CIVIL-GEN　　　　　　　　　　　　　　　　　　　　　　　　　Initials of Deputy Clerk: jcb